FILED
United States Court of Appeals
Tenth Circuit

August 17, 2020

Christopher M. Wolpert
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

      Plaintiff - Appellee,

v.

ANDREW J. PRICE,

      Defendant - Appellant.

19-3179
(No. 2:10-CR-20129-KHV-5)
(D. Kan.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **HOLMES**, **BACHARACH**, and **MORITZ**, Circuit Judges.
_____

This appeal involves eligibility of the defendant, Mr. Andrew Price, for a sentence reduction. In district court, Mr. Price was convicted and sentenced on drug charges. After the sentencing, the U.S. Sentencing Commission modified the sentencing guidelines, prompting Mr. Price to move for a reduction in his sentence. The government conceded that Mr.

---

[*]    We conclude that oral argument would not materially help us in deciding the appeal. *See* Fed. R. App. P. 34(a)(2)(C); 10th Cir. R. 34.1(G). So we have decided the appeal based on the record and the parties' briefs.

Our order and judgment does not constitute binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. But the order and judgment may be cited for its persuasive value if otherwise appropriate under Fed. R. App. P. 32.1(a) and 10th Cir. R. 32.1(A).

Price was eligible for a sentence reduction, but the district court disagreed and dismissed Mr. Price's motion. On appeal, Mr. Price argues that the district court supplied a legally invalid reason for dismissing his motion. The government agrees with Mr. Price, as do we.

In district court, Mr. Price was sentenced to 20 years in prison for conspiring to distribute and possess with intent to distribute powder cocaine and crack cocaine. At the time of sentencing, the base-offense level was 38 for defendants bearing responsibility for 4.5 kilograms or more of crack cocaine. U.S. Sentencing Guidelines Manual § 2D1.1(c)(1) (2010) (amended 2014). After the sentencing, the U.S. Sentencing Commission modified the guidelines, retroactively increasing the threshold for a base-offense level of 38 from 4.5 kilograms of crack cocaine to 25.2 kilograms. *See* U.S. Sentencing Guidelines Manual supp. app. C, amend. 782 (2018) (effective Nov. 1, 2014) (increasing drug quantity thresholds); *id.* amend. 788 (authorizing retroactive application).

Mr. Price moved for a sentence reduction. He would be eligible for a reduction only if the modification to the guidelines reduced his base-offense level below 38. 18 U.S.C. § 3582(c)(2); U.S. Sentencing Guidelines Manual § 1B1.10 (2018). Under the modified guideline, Mr. Price would not qualify for a base-offense level of 38 unless he bore responsibility for at least 25.2 kilograms of crack cocaine.

2

The district court found Mr. Price responsible for at least 25.2 kilograms of cocaine, and he challenges the validity of this finding. In reviewing that finding, we apply the abuse-of-discretion standard. *United States v. Battle*, 706 F.3d 1313, 1317 (10th Cir. 2013). The district court abused its discretion if it committed an error of law. *Id.*

We conclude that the district court committed an error of law. The court explained its finding by referring to the probation office's estimate of the total weight of crack cocaine distributed through the entire network of coconspirators. But Mr. Price could bear responsibility only for the weight of crack cocaine that he

- was directly involved with or

- could reasonably foresee within the scope of the criminal activity that he had undertaken.

*United States v. Figueroa-Labrada*, 720 F.3d 1258, 1265 (10th Cir. 2013); *see* U.S. Sentencing Guidelines Manual § 1B1.3, cmt. n.3 (2018). Given this limitation, the district court had to "make particularized findings about[] the scope of the specific agreement the individual defendant joined in relation to the conspiracy as a whole." *Figueroa-Labrada*, 720 F.3d at 1265 (quoting *United States v. Melton*, 131 F.3d 1400, 1404 (10th Cir. 1997)) (cleaned up).

The court did not determine how much of the crack cocaine to attribute to Mr. Price. In the absence of such a determination, the court

3

could not pin responsibility on Mr. Price for at least 25.2 kilograms of crack cocaine.

When pleading guilty, Mr. Price didn't object to the probation office's determination that "this case involved 4.5 kilograms or more" of crack cocaine. R. vol. 3, at 51. But this weight was far under the new threshold for a base-offense level of 38: 25.2 kilograms of crack cocaine.

In dismissing Mr. Price's current motion, the district court observed that the probation office had attributed at least 37 kilograms of crack cocaine to Mr. Price. But that weight reflects the drug quantities handled by the *entire* network of conspirators.[1] The court never determined the weight that Mr. Price had directly handled or that he could have foreseen.

In relying on the estimate of at least 37 kilograms, the district court reasoned that it couldn't revisit the probation office's determination from the presentence report. But when the probation office determined the drug quantity, this determination wouldn't have mattered because the guideline range would have stayed the same even with a much lower drug weight. Indeed, the probation office's estimate of the drug weight didn't become an issue until the United States Sentencing Commission modified the

---

[1] Mr. Price also challenges the basis for the district court's estimate of the total drug weight involved in the conspiracy. He argues that the district court clearly erred through unreliable extrapolations. But we conclude that the district court committed an error of law, so we don't need to consider Mr. Price's assertion of clear error as to this factual finding.

4

guidelines, retroactively increasing the threshold for a base-offense level of 38.

Without making particularized findings as to the weight of crack cocaine attributable to Mr. Price, the district court could not properly apply the modified guideline. Acknowledging the lack of particularized findings, the government concedes that the court erred in concluding that Mr. Price was ineligible for a sentence reduction. *See United States v. Figueroa-Labrada*, 720 F.3d 1258, 1264 (10th Cir. 2013) ("A sentencing court must make particularized findings to support the attribution of a coconspirator's actions to the defendant . . . whether or not the defendant asks it do so or disputes the attribution."). We agree and reverse and remand for the district court to reconsider Mr. Price's motion.

Entered for the Court


Robert E. Bacharach
Circuit Judge